UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID R. LEAK,                              )
                                            )
           Petitioner                       )
                                            )
    vs.                                     )   CAUSE NO. 3:11-CV-21 RM
                                            )   (Arising out of 3:08-CR-148(01) RM)
UNITED STATES OF AMERICA,                   )
                                            )
           Respondent                       )

OPINION and ORDER

On October 19, 2009, David Leak pleaded guilty to Count 4 of a seven count indictment charging him with knowingly possessing a firearm in furtherance of drug trafficking activity, in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced on January 4, 2010 to a 60 month term of imprisonment to be followed by three years of supervised release; he was ordered to pay restitution of $100 and a $100 special assessment was imposed. After sentencing, the government dismissed the remaining six counts of the indictment. Mr. Leak is now before the court asking that his sentence be vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Examination of Mr. Leak's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. Mr. Leak's plea agreement, signed by Mr. Leak, his attorney Robert Truitt, and Assistant United States Attorney John Maciejczyk, contains the following language in paragraph 9(f):

> (f) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Leak now challenges his conviction and sentence based on his claims that (1) he received ineffective assistance of counsel; (2) he wasn't allowed to object to mistakes in the presentence investigation report; (3) certain defense material wasn't produced; (4) his Miranda rights were violated; (5) his due process rights were violated when his trial was continued without his knowledge or consent; (6) no search warrant was

2

produced and no signed signature card gave consent to search; (7) the state police engaged in illegal surveillance; and (8) a jail informant gave a fraudulent statement.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is in excess of the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Leak testified at his change of plea hearing that his plea was knowing and voluntary, that his counsel read the plea agreement document to him and he understood the agreement's term, that he told his counsel everything counsel needed to know to represent him in this case, that he had discussed the terms of the plea agreement with his counsel before the plea hearing, that he understood he was giving up his right to appeal or otherwise challenge his sentence, and that he was satisfied with the representation his counsel had provided.

Mr. Leak's sworn statements at his change of plea hearing are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record

supports a finding that Mr. Leak's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Leak during the plea colloquy, and Mr. Leak acknowledged that he understood. Because Mr. Leak's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

To the extent Mr. Leak's claims relating to ineffective assistance of counsel could be construed as relating directly to the negotiation of the plea agreement, he can't succeed on his petition. "To prevail on his ineffective assistance claim, [Mr. Leak] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Leak] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Leak] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

4

Mr. Leak hasn't alleged he wouldn't have pleaded guilty had counsel acted differently. United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005). He claims his counsel was ineffective but has offered no information or argument about how different actions by counsel could or would have changed the outcome of his case; he hasn't supplied any information about what evidence or documents weren't produced; and his unsupported statements that his Miranda rights were violated, officers never showed him a search warrant, police engaged in illegal surveillance, and a fraudulent statement was given by an informant don't establish that the proceedings were fundamentally unfair or the result unreliable, especially in light of his admission that he gave police consent to search his home where they found a .22 caliber revolver that he admitted he possessed to protect his drug manufacturing and distribution business.

Too, the record disproves some of Mr. Leak's claims relating to his ineffective assistance of counsel claim: (i) he says his objections to the presentence report (relating to moneys found at his house that he claims weren't drug proceeds) weren't presented to the court, but the record shows that Mr. Leak's objections were presented to the court by defense counsel, who brought them to the court's attention at the beginning of the sentencing hearing, and by Mr. Leak, who sent the court a letter detailing his own objections to the report prior to the sentencing hearing, *see* Docket # 42 (letter dated Dec. 15, 2009 from Mr. Leak to the court); (ii) he claims he received an enhancement in his sentence because the court had the wrong information about the moneys found at his home, but the record shows

5

that the issue of those moneys had no affect on the mandatory minimum sentence imposed for his possession of a firearm in furtherance of drug trafficking activities, *see* Sent. Memo., at 1 n.1 and at 2; (iii) he claims that his trial was continued because his attorney went on vacation, but the record shows that the court denied the defense's motion to continue the trial, *see* July 1, 2009 Ord. (docket # 19); and (iv) he claims his trial was continued without his knowledge, but the record shows that Mr. Leak was present in court at the July 28, 2009 hearing on the government's motion to continue his trial – that Mr. Leak might not have consented to the continuance doesn't establish ineffective assistance of counsel or that his due process or speedy trial rights were violated. *See* Docket # 30. Mr. Leak hasn't established that his counsel's performance fell below an objective standard of reasonableness nor has he demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006).

Mr. Leak hasn't alleged that his counsel was ineffective in negotiating the plea or the waiver of his right to challenge his sentence contained in his plea agreement, Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000), and while a sentence in excess of the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Leak's 60-month sentence was not in excess of the life sentence that could be imposed for a violation of 18 U.S.C. § 924(c)(1)(A). Mr. Leak's claims don't relate

6

to the negotiation of the waiver of his right to appeal and so are foreclosed by his plea agreement, in which he expressly waived his right to appeal or challenge his conviction and sentence and the way in which the conviction and sentence were determined or imposed. <u>United States v. Cieslowski</u>, 410 F.3d 353, 364 (7th Cir. 2005).

Mr. Leak isn't entitled to the relief he seeks. The court SUMMARILY DISMISSES his petition filed pursuant to 28 U.S.C. § 2255 [docket # 50].

SO ORDERED.

ENTERED:   January 21, 2011

                                        /s/ Robert L. Miller, Jr.
                                      Judge, United States District Court

cc:   D. Leak
      AUSA Maciejczyk